# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN DAVIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:22-cv-156-SPB-RAL |
| BRAD TRATE, | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

Petitioner Ryan Davis ("Davis"), an inmate housed at FCI McKean, filed this civil action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241. On February 19, 2020, Davis pleaded guilty to charges of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1) and 924(a)(2). *See United States v. Davis,* No. 1:19-cr-208 (W.D. Mich.) (ECF No. 32). The United States District Court for the Western District of Michigan subsequently imposed a sentence of 60 months' incarceration, to be followed by a 3-year period of supervised release. *Id.* at ECF No. 46.

In the instant §2241 petition, Davis contends that the Federal Bureau of Prisons ("BOP") incorrectly failed to credit 19 months he spent in custody between May 10, 2019 and November 19, 2020. *See Davis v. Trate, et al.,* No. 1:22-cv-156 (W.D. Pa.) at ECF No. 1. Respondent disputes that the BOP erred in calculating Davis' federal prison sentence. ECF No. 11. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), Federal Rule of Civil Procedure 72(b), and the Local Rules for Magistrate Judges.

On July 17, 2023, Chief Magistrate Judge Lanzillo issued an R&R in which he recommended that Davis' petition be denied. ECF No. [12]. By way of background, Judge Lanzillo noted the following:

> On May 10, 2019, while on parole from a prior state sentence, Petitioner was taken into custody by the Kent County Sheriffs Department in Grand Rapids, Michigan. ECF No. 11-1 ¶6. On May 23, 2019, the Michigan Department of Corrections (DOC) determined that Petitioner had violated his parole and remanded him to state custody as a parole violator. [ECF No. 11-1 ¶6]. *See also* ECF No. 11-3.
>
> While he was in state custody, the United States District Court for the Western District of Michigan (the sentencing court) issued an indictment in Case Number 1: 19-CR-00208-RJJ charging Petitioner with being a felon in possession of a firearm and ammunition. ECF No. 11-1 ¶7; ECF No. 11-4. On September 19, 2019, Petitioner was temporarily removed from state custody by the United States Marshal Service (USMS) pursuant to a federal writ of habeas corpus *ad prosequendum*. ECF No. 11-1 ¶ 8. Following a guilty plea, the sentencing court sentenced Petitioner to a 60-month term of imprisonment for violations of 18 U.S.C.§§ 922(g)(l) and 924(a)(2). *Id.* ¶9. On August 31, 2020, the USMS returned Petitioner to Michigan state authorities to complete the term of his state parole violation. *Id.* ¶10.
>
> The Michigan DOC granted Petitioner parole on November 19, 2020, releasing him into exclusive federal custody. Id. ¶10. At that time, the BOP prepared Petitioner's sentence computation based on a 60-month term of imprisonment commencing on November 19, 2020, the date he was released from his Michigan parole revocation term. *Id.* ¶11. The BOP did not grant Petitioner any prior custody credit because he received credit in state court towards his parole violation for the entire period between May 10, 2009, and November 19, 2020. Id. Based on those computations, Petitioner is scheduled for release from BOP custody via Good Conduct Time Release on February 21, 2025. *Id.*

ECF No. 12 at -12.

Initially, Judge Lanzillo determined that Davis had remained in the primary custody of the State of Michigan from May 10, 2019, when he was arrested by state authorities, until November 19, 2020, when the state released Petitioner to the exclusive custody of federal authorities; thus, Davis' federal sentenced commenced on November 19, 2020. *See* ECF No. 12 at 4 (citing 18 U.S.C. §3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.")). Judge Lanzillo next found that Davis had received the appropriate amount of credit

2

for the time he spent in custody prior to November 19, 2020. Citing 18 U.S.C. §3585(b),[1] Judge Lanzillo observed that a defendant may not receive a double credit for time in detention; thus, "the BOP may not grant prior custody credit under §3585(b) for time that has been credited against another sentence." ECF No. 12 at 5 (citing *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007)). Judge Lanzillo concluded that, in this case, Davis' confinement from May 10, 2019 to November 19, 2020 had been credited against his state parole sentence; consequently, the BOP could not also credit that time against Davis' federal sentence. *Id.*

Davis has filed objections in which he denies that his confinement between May 10, 2019 and November 19, 2020 was credited toward a state parole violation sentence. ECF No. 13. Davis disputes that he was in primary state custody during that time and states that he was arrested on May 10, 2019 by the ATF, not state authorities. He maintains that he did not have a hearing before the parole board until September 2020 and insists that he could not have had a parole violation hearing prior to being found guilty on his federal charges. Davis also contends that he was given zero (0) days and was re-paroled by the state parole board.

The Court has fully considered Davis' arguments but notes that they are unsupported by any documentation or verified statements in the record. By contrast, the Respondent's arguments are supported by the affidavit of Stacy Fanello, a Management Analyst at the BOP's Designation and Sentence Computation Center, who has provided relevant state and federal records relating to Davis' confinement. Based upon this Court's review of the record, it appears that the BOP correctly calculated Davis' federal sentence and properly concluded that his period

---

[1] Section 3585(b) states: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*") (emphasis added).

of confinement from May 10, 2019 to November 19, 2020 was credited toward his state sentence.

Accordingly, after *de novo* review of the petition and documents in the case, including the Report and Recommendation and Petitioner's objections thereto, the following order is entered:

AND NOW, this 11th day of October, 2024,

IT IS ORDERED that the instant petition for a writ of habeas corpus shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on July 17, 2023, ECF No. [12], is hereby adopted as the opinion of this Court. Petitioner's objections to the Report and Recommendation, ECF No. [13], are hereby OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

_____
SUSAN PARADISE BAXTER
United States District Judge